Filed: 3/7/2023 12:48 PM
Michael Gould
District Clerk
Collin County, Texas
By Stacy Denny Deputy
Envelope ID: 73417798

CAUSE NO. 471-01153-2023

| | | |
|---|---|---|
| **MICHAEL BAILEY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **GRANITE PROPERTIES, INC. AND** | § | |
| **GRANITE PROPERTIES, LLC** | § | **OF COLLIN COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff Michael Bailey, complaining of Defendants Granite Properties, Inc. and Granite Properties, LLC (collectively, "Defendant" or "Granite Properties"), and for cause of action would show the Court the following:

#### I. DISCOVERY CONTROL PLAN

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

#### II. PLAINTIFF

2. Plaintiff, Michael Bailey, is an individual whose address is 2006 Saints Row, Wylie, TX 75098. The last three digits of Plaintiff's driver's license number are 966. The last three digits of Plaintiff's Social Security number are 960.

#### III. DEFENDANTS

1. Defendant, Granite Properties, Inc., is a Texas corporation and Defendant may be served with process by serving Cr Corporation System, its registered agent, by personal delivery at the registered office located at 1999 Bryan St. Suite 900, Dallas, TX 75201.

2. This Court has jurisdiction over Granite Properties, Inc. because said Defendant is a resident of Texas.

3. Defendant, Granite Properties, LLC, is a limited liability company. It can be served with process by serving National Registered Agents, Inc, its registered agent, by personal delivery at the registered office located at 1999 Bryan St., Suite 900, Dallas, TX 75201.

4. This Court has jurisdiction over Granite Properties, LLC because said Defendant is a resident of Texas.

### IV.   VENUE

5. Venue is proper in this county in that the events giving rise to this cause of action occurred within Collin County.

### V.   JURISDICTION

6. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 and declaratory relief.

### VI.   FACTS

7. Plaintiff Michael Bailey was employed by Granite Properties from on or about April 24, 2019 until he was unlawfully fired on or about December 17, 2019.

8. On or about October 2019, Plaintiff requested and received accommodations for his disability from Defendant.

9. On or about November 2019, Plaintiff was informed that as a result of his disability, Defendant decided to make changes to his job description, which identified new essential job functions that it knew Plaintiff would be unable to perform because of his disability. Plaintiff was the only employee whose job description was changed in this manner.

10. On or about December 5, 2019, Plaintiff received a letter from his doctor requesting, as a reasonable accommodation of his disability, that he be allowed to work remotely 3-4 days per week for 5-6 weeks.

11. On or about December 6, 2019, Plaintiff received a performance evaluation in which he was rated overall as satisfactory or as having a successful completion of his position's requirements.

12. On or about December 12, 2019, Plaintiff provided the letter from his doctor requesting reasonable accommodations of his disability.

13. However, on or about December 13, 2019, Plaintiff emailed Defendant's management advising that he was being harassed and discriminated against because of his disability and his reasonable accommodation request.

14. On or about December 17, 2019, Plaintiff was required to attend a meeting with Defendant's management in which he was informed he either had to sign a severance agreement and resign (the "Severance Agreement") or continue working for Defendant without the requested accommodation. The Severance Agreement was non-negotiable and contained a general release. He was informed he had to make his decision immediately, during the meeting, and he was denied additional time to consider the proposal. He was not given the opportunity to consult an attorney, his doctors, or his family. He had no option but to resign and sign the Severance Agreement.

15. On or about January 2020, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

16. In response to Plaintiff's charge of discrimination, the EEOC issued a determination that Defendant failed to engage in an interactive process with the Plaintiff before denying his requested accommodation; engaged in retaliation by amending Plaintiff's job description; and constructively discharging Plaintiff by presenting him with an ultimatum to keep his position without the requested reasonable accommodation or to resign and accept a severance package. The EEOC concluded that there is reasonable cause to believe that Respondent violated the Americans with Disabilities Act of 1990, as amended ("ADA"), when they denied Plaintiff's request for reasonable accommodation, amended his job description, and constructively discharged him.

17. On December 8, 2022, the EEOC notified Plaintiff that the EEOC was unable to obtain a settlement with Defendant that would provide relief to him. The EEOC also decided not to bring suit and notified Plaintiff of his right to sue on his own behalf.

## VII.   CAUSE OF ACTION

18. Plaintiff incorporates all above paragraphs herein into each of the causes of action stated below.

### Discrimination

19. The ADA prohibits covered employers from discriminating against qualified individuals on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.. American's with Disabilities act of 1990, 42 USCS § 12112(a). Discrimination includes, but is not limited to, not making reasonable accommodations

to the known physical or mental limitations of an otherwise qualified individual (*id.* at §12112(b)(5)).

20. Defendant discriminated against Plaintiff by changing his job description to include new essential job functions that Plaintiff would be unable to perform because of his disability

21. Defendant discriminated against Plaintiff by refusing to make reasonable accommodations for his disability.

22. Defendant discriminated against Plaintiff by constructively discharging him due to his disability.

23. As a direct result of Defendant's unlawful discrimination, Plaintiff has suffered economic damage and has been forced to bring this suit, seeking monetary relief.

A. **Retaliation and Coercion**

24. The ADA prohibits retaliation against any individual (*id.* at §12203). Retaliation occurs when an individual engages in protected conduct, is subject to an adverse employment action, and there was a causal connection between the protected conduct and the adverse employment action. *Valentin-Alymeyda v. Municipality of Aguadilla*, 447 F,3d 85 (1st Cir. 2006). Further, protected conduct includes complaining to one's supervisors. *Id.*

25. After Defendant disclosed his disability, Plaintiff retaliated by changing his job description to include new essential job functions that Plaintiff would be unable to perform because of his disability and by using intimidation and coercion to try to convince him to sign the new job description.

26. After Defendant emailed his management advising that he was being discriminated against because of his disability and his reasonable accommodation request, Plaintiff retaliated by constructively discharging Plaintiff.

27. As a direct result of Defendant's unlawful retaliation and coercion, Plaintiff has suffered economic damage and has been forced to bring this suit, seeking monetary relief.

### B. Agency and Respondeat Superior.

28. At the time of the incidents and occurrences giving rise to Plaintiff's claims, Defendant's employees were acting within the course and scope of their employment or official duties for Defendants and in furtherance of the duties of their employment with Defendants. Defendants, as the employer, are responsible for the discriminatory and retaliatory actions of its employees under the principles of respondeat superior.

### C. Declaratory Judgment

29. Plaintiff seeks a declaratory judgment from the Court determining that the Severance Agreement is invalid and unenforceable.

30. The circumstances surrounding the termination meeting and the Severance Agreement was made under duress and is unconscionable, and the waiver and release was not knowing and voluntary.

## VIII.   ATTORNEY'S FEES AND COSTS

31. Plaintiff requests judgment for reasonable attorney's fees and costs under Sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code; the American's with Disabilities act of 1990, 42 USCS § 12205, 12117; and the Equal Employment Opportunity Act of 1972, 42 USC § 2000e-5(k).

### IX. JURY DEMAND

32. Plaintiff hereby requests a jury trial.

### X. INITIAL DISCLOSURES

33. As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

### XI. PRAYER

Plaintiff prays that citation be issued commanding Defendants to appear and answer herein and that Plaintiff be awarded judgment against Defendants, jointly and severally, for actual damages, pre-judgment interest, post-judgment interest, costs of Court, and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully submitted,

*/s/ Daniel M. Branum*

Daniel M. Branum
 Texas Bar No. 24064496
 Dan@BranumPLLC.com
BRANUM PLLC
103 East Main Street
Olney, Texas 76374
Telephone: 940-564-5299

Attorney for Michael Bailey